### McCOMBS *vs.* DUNBAR & AL.

THE acts of an administrator, appointed by the court of probates, can only be annulled by declaring void and illegal the authority, in virtue of which he acted.

The court of competent jurisdiction for this purpose, is that which conferred on him the authority.

APPEAL from the court of the third district, the judge of the eighth presiding.

William Dunbar, the husband of the plaintiff, died intestate, leaving three minor children his only legitimate forced heirs, and certain property in the parish of West Feliciana. The plaintiff, as widow in community, and as natural tutrix to her minor children, by the advice of a family meeting, legally convoked, accepted the succession with benefit of inventory. Subsequent to these proceedings, and within the delay allowed by law for deliberating, and before the plaintiff had determined to accept or renounce, A. Dunbar, one of the defendants, was appointed administrator of the succession of William Dunbar, and caused the property belonging thereto to be sold, by virtue of an order of the court of probates, at which sale J. Dunbar, co-defendant, became the purchaser. This suit was brought to recover back the property upon the ground that the authority of the defendant to administer, as derived from the court of probates, was illegal and void. The answer contained, among others, one plea to the jurisdiction of the district court, which was overruled, and after final judgment for the plaintiff, the defendant appealed

*Watts* for appellee, *Lockett* for appellant.

McCombs
*vs.*
Dunbar & Al.

Mathews, J. delivered the opinion of the court. In this case the plaintiff claims from the defendant, property which she alleges has been improperly administered by the latter, under an illegal authority derived from the court of probates of the parish of West Feliciana, as belonging to her by right, accruing in consequence of her legal claim to one half of it, being a community of acquets and gains, acquired during her marriage *with William* Dunbar, late of the parish aforesaid. The other half she claims to hold and administer as tutrix of her minor children. The proceedings in the parish court, by which the defendant was appointed administrator of the succession of her late husband, she prays may be annulled. The answer contains, amongst other pleas, one to the jurisdiction of the district court, which was overruled, and after final judgment the defendant appealed.

The cause appears to have been much litigated in the court below, and the record contains many bills of exceptions; but as we are of opinion, that the plea to the jurisdiction was improperly determined, that part of the proceeding will alone be noticed.

The court of probates was certainly the proper and competent tribunal to decide on the pretensions of the applicant for administration of the intestate's estate. This was granted to the defendant, and his acts under the appointment thus judicially made, can only be annulled by declaring void and illegal the authority in virtue of which he acted; in other words, by rescinding and annulling the decree which gave to him the appointment of administrator; and it appears to us, that the court of competent jurisdiction for this purpose, is that which conferred on him the authority. Admitting the existence of a distinction, as assumed by the judge *a quo*, between proceeding in nullity of judgments and those which have for their object a recission, (which by the way, is hard to be imagined) still it is believed that the doctrine of the Code of Practice in relation to the nullity of judgments, places the power of declaring them void in the court which may have rendered them, or in the appellate court, when circumstances will permit the latter to interfere. See *C. P. art.* 608·

It is therefore ordered, adjudged and decreed, that the judgment of the district court

*Eastern District.*
*March,* 1830.

McCombs
*vs.*
Dunbar & al.

The acts of an administrator appointed by the court of probates can only be annulled by declaring void and illegal the authority in virtue of which he acted.

The court of competent authority for this purpose is that which conferred on him the authority.

Eastern District.
*March*, 1830.

McComb
*vs.*
Dunbar & al.

be avoided, reversed and annulled; and it is further ordered, adjudged and decreed, that judgment be here entered, as in case of *non-suit*, at the costs of the plaintiff and appellee in both courts.